IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RON MAYS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CV-179-WKW |
| | ) | |
| MULTI SERVICE AVIATION- | ) | |
| US BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant's motion to dismiss for failure to comply with discovery orders (Doc. # 40) and motion for summary judgment.  (Doc. # 42.)  Because the motion to dismiss is due to be granted, it is unnecessary to address the summary judgment motion.

### I.  JURISDICTION AND VENUE

Subject-matter jurisdiction exists pursuant to 28 U.S.C. §§ 1332 and 1441.  The parties do not dispute the existence of proper venue or personal jurisdiction over Defendant, and there are proper allegations in support of each.

### II.  STANDARD OF REVIEW

Defendant moves to dismiss the suit based on Federal Rule of Civil Procedure 41(b), which permits dismissals for failure to prosecute or failure to comply with court orders, or, in the alternative, Rule 37(b)(2)(A), which permits sanctions, including dismissal, for failure

to obey discovery orders.  *See Phipps v. Blakeney*, 8 F.3d 788, 790-91 (11th Cir. 1993).  It is "good practice" for a district court to explain "why lesser sanctions would not suffice" to deter discovery misconduct, but there are also "some cases [that] speak for themselves" as to why dismissal is merited.  *Id*. at 791.  In dismissing a case under either rule, courts should be reluctant to punish with the sanction of dismissal for their attorney's failings; but dismissal for a party's "own acts" is appropriate.  *Id*. at 792 n.6.

### III.  FACTS

This case began with the filing of a Complaint in state court in December 2008.  (Doc. # 1, Ex. 1.)  Defendant then removed the case to federal court.  (Doc. # 1 (Notice of Removal).)  At the time of removal, Mr. Mays was represented by Juraldine Battle-Hodge.  Ms. Battle-Hodge moved to withdraw as counsel in October 2009**,** citing an inability to communicate with Mr. Mays and his refusal to provide discovery-related information despite her multiple requests.  (Doc. # 15.)  The court granted the motion to withdraw (Doc. # 17), and Mr. Mays then retained Amardo W. Pitters as counsel.  (Doc. # 26.)

The claims in the Complaint are for defamation and intentional infliction of emotional distress.  (Doc. # 1, Ex. 1.)  The following facts are drawn from the Complaint.  The claims stem from a business dispute between Mr. Mays and Defendant.  Mr. Mays alleges that he operated a business known as Montgomery Jet Center ("MJC"), which apparently rented aircraft to various private clients.  According to Mr. Mays, one of Defendant's employees, John Martin, contacted *Ebony* magazine and the U.S. Secret Service to inform them that Mr. Mays was delinquent on an account for aviation fuel.  Mr. Mays alleges that it was actually

one his clients who was liable for the debt, while he had no relationship with Defendant and was not liable for the debt.

The following facts are taken from Defendant's motion to dismiss; because Mr. Mays has failed to file any response to that motion, the court accepts Defendant's representations concerning the discovery process as correct. The conduct considered with respect to this motion all occurred contemporaneous with or after Mr. Pitters's involvement in the case began. Defendant had earlier filed a motion to dismiss based on Mr. Mays's failure to comply with discovery orders (Doc. # 13), but withdrew that motion. (Doc. # 25.) In late March and early April 2010, counsel for Defendants wrote four letters to Mr. Mays's counsel seeking documents that had been requested for discovery purposes. (Doc. # 40, ¶¶ 18-21.) Failure to respond to these requests resulted in the filing of a motion to compel. (Doc. # 32.) The Magistrate Judge granted the motion to compel after conducting a telephone conference. (Doc. # 37.) The Magistrate Judge ordered Mr. Mays to produce several documents, including all those related to his business relationships with key non-party entities including MJC and the client allegedly responsible for the aviation fuel debt, no later than the date of his deposition, which was June 1. Mr. Mays was further ordered to produce all other requested documents no later than June 11. (Doc. # 37.)

Despite this Order, Mr. Mays appeared for his deposition having produced none of the requested documents. (Doc. # 40, ¶ 24.) On June 9, Mr. Mays produced a single page of what appears to be a contract between Southern Skies Aircraft Management and Dr. Albert Hazouri, d/b/a AVA, LLC. (Doc. # 40, Ex. B.) The produced material contains only three

paragraphs of text, none of which appear relevant to this litigation.  Defendant then confirmed with Mr. Pitters that all the documents given to him by his client had been turned over to Defendant.  (Doc. # 40, ¶ 28, 29.)

## IV.  DISCUSSION

Mr. Mays has filed no response to the motion to dismiss.  The record reveals that Mr. Mays has repeatedly refused to comply with discovery requests made by Defendant, and, in turn, with the discovery Orders of the court, in particular the Magistrate Judge's May 25, 2010 Order.  (Doc. # 37.)[1]  Mr. Mays's claims rest, in part, on the falsity of the statements allegedly made by Mr. Martin.  Defendants cannot effectively litigate that issue if they lack access to the contracts and other business documents detailing Mr. Mays's relationship with MJC and with the client Mr. Mays claims actually owed the debt.  Thus, the discovery sought is central to the case.  Further, the record shows that the failure to obey discovery orders is not attributable to errors by Mr. Mays's attorneys without fault on his part, but rather to Mr. Mays's own failure to provide requested documents to his counsel.  A review of possible lesser sanctions reveals that they would be ineffective.  For example, deeming certain facts to be admitted, striking Mr. Mays's pleadings or prohibiting Mr. Mays from supporting his claims would lead only to the failure of his case, and eventual dismissal, on other grounds, as the discovery sought would be highly relevant to both claims brought by Mr. Mays.  *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii).  Nor would staying the litigation until compliance has

---

[1] This was not the first such Order ignored by Mr. Mays.  (*See* Doc. # 12 (Aug. 25, 2009)).

occurred be warranted, as Mr. Mays has had ample opportunity to comply with discovery orders since the removal of this case a year and a half ago.  *See* R. 37(b)(2)(A)(iv). Therefore, dismissal is the appropriate remedy.  The criteria in Rule 41(b) indicate that the dismissal is to be with prejudice, because it is not "under this Rule" (Rule 41) and is not for "lack of jurisdiction, improper venue, or failure to join a party under Rule 19."

Accordingly, it is ORDERED that the motion to dismiss (Doc. # 40) is GRANTED, and this case is DISMISSED with prejudice.  The motion for summary judgment (Doc. # 42) is DENIED as moot.  A separate final judgment will be issued.

DONE this 11th day of August, 2010.

/s/ W.  Keith Watkins
UNITED STATES DISTRICT JUDGE